**UNITED STATES of America**

v.

**Kurt P. GOEBEL, Defendant.**

**Nos. 87 CR 33(S), 87 CR 373.**

United States District Court,
E.D. New York.

July 13, 1987.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn by Kirby Heller, Asst. U.S. Atty., for U.S.

Stanley A. Teitler, New York City, for defendant; Michael J. Coyle, of counsel.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendant moves to dismiss the information (87 CR 373) filed against him on the ground that it is barred by the Speedy Trial Act. 18 U.S.C. § 3161 *et seq.*

On November 13, 1986, U.S. Park Police Officers arrested defendant following the execution of a search warrant on premises then occupied by him in Building 136, Fort Tilden, Queens, New York, and discovery by them of Government property and defendant's off-duty revolver. The officers issued to the defendant three violation notices mandating that he appear in this Court on December 16, 1986, at 10:00 a.m.; the first charging him with violating 18 U.S.C. § 641, "Public Money, Property or Records (Possession of Stolen Property-U. S.)," the second charging him with violating 36 C.F.R. 2.4(f) and 18 U.S.C. § 13 and N.Y.P.L. § 265.01 ("Weapons, Traps and Nets, Criminal Possession of a Weapon in the Fourth Degree"), and the third charging him with violating 18 U.S.C. § 13, N.Y. P.L. § 270.05 ("Unlawfully Possessing Noxious Material"). Defendant was released from custody immediately following his arrest.

On December 16, 1986, defendant appeared before U.S. Magistrate John L. Ca-

den and was arraigned on a complaint filed on that day charging him with, *inter alia,* violating (i) Title 18 U.S.C. § 641, (ii) New York Penal Law § 265.01 and (iii) New York Penal Law § 140.35, possession of burglars' tools.

On January 14, 1987, the United States Attorney filed a misdemeanor information charging the defendant with violating 18 U.S.C. § 641 by knowingly converting to his own use eight United States Park Police uniform shirts "having a value in excess of Ninety Dollars ($90)."

On January 27, 1987, defendant was arraigned on this information and entered a plea of not guilty.

On February 18, 1987, the case was called and defendant demanded his right to be tried before a District Court Judge, whereupon the case was reassigned by random selection to this Court. Thereafter, on February 27, 1987, the case was called before this Court and the Government announced that it intended to seek a superseding indictment against the defendant and requested an adjournment for all purposes to March 6, 1987.

On March 5, 1987, the grand jury filed a two count indictment charging the defendant with having violated 18 U.S.C. § 641 by knowingly converting property of the United States Park Police having a value in excess of $100 (Count One) and 18 U.S.C. § 13 and New York Penal Law § 265.01 by knowingly and willfully possessing a weapon in violation of New York Penal Law § 140.35 (Count Two).

On March 6, 1987, the defendant was arraigned before this Court on this superseding indictment and, after entering a not guilty plea, defendant requested that he be given additional time, *i.e.,* four weeks, to file motions to suppress and for discovery and that he be permitted to waive his rights to dismiss the indictment against him in the event he was not accorded a speedy trial by the Court and the Government, and he did so waive his rights to make such a motion and any and all other rights under the Speedy Trial Act. An Order of Excludable Delay was entered commencing on March 6, 1987, on the basis of defendant's need for additional time to make motions and to prepare for trial and of such waiver.

On April 16, 1987 (thirteen days beyond the date granted by this Court to the defendant to make motions), defendant made a motion, *inter alia,* to suppress evidence seized from the building in which he was living.

On April 27, 1987, the Government filed a Memorandum of Law in Opposition to Defendant's Pre-Trial Motion. The return date of defendant's motion was May 11th and a hearing was held on that date and on May 12th, 15th and 22nd. On the latter date the Court reserved decision but scheduled a trial date for June 29, 1987.

On June 19, 1987, the Court filed a Memorandum and Order denying defendant's pre-trial motions.

In the meanwhile, on May 28th, the Government filed an information (87 CR 373) charging defendant with possession of burglars' tools and on May 29, 1987, defendant was arraigned on this information and entered a plea of not guilty.

On June 8, 1987, defendant moved to dismiss the latter information on the ground that it was barred by the Speedy Trial Act.

Also, in the meanwhile, this case had been rescheduled by this Court for trial commencing on Monday, July 13th, at 9:30 a.m.

Defendant bases his motion to dismiss the information against him on 18 U.S.C. § 3161(b) and § 3162(a)(1), which provide in pertinent part as follows:

> § 3161(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

> .   .   .   .   .

> § 3162(a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed

within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Defendant says that he was charged with the offense of possession of burglars' tools in the complaint before Magistrate Caden on December 16, 1986, and that no information or indictment containing such charges was filed against him within 30 days thereafter.

The defendant, however, appeared with his present counsel on December 16th before U.S. Magistrate Caden in this Court and in response to the latter's statement with regard to his speedy trial rights, *viz.:*

> It seems to me what we should do in this particular case is maybe come up with some idea of what speedy trial, motions, schedules, and all that . . .

defendant's counsel replied:

> I would just state for the record, Your Honor, and inform the U.S. Attorney, we will waive any speedy trial problems [with respect] to the case.

As indicated, in the complaint filed with the Magistrate on December 16, 1986, defendant was charged, *inter alia,* with possession of burglars' tools and the present information charging the same offense (although the Government argues with respect to different tools) was not filed until May 28, 1987. This, of course, does not meet the requirements of the Speedy Trial Act and, in this Court's view, insufficient reasons are advanced by the Government for its failure to bring such charges at this late date. Moreover, in this instance defendant moved promptly after the information had been filed against him to demand that the information be dismissed. In addition, and even though this Court feels that de-

fense counsel made an adequate waiver of his client's speedy trial rights on December 16, 1986, with respect to this charge, it questions whether the Government appropriately accepted such waiver as to these particular charges when it failed to include them in either the original information or the superseding indictment.

Accordingly, the Court feels it is required by law to sever this belatedly filed information (87 CR 373) from the other case (87 CR 33(S)) and to remand this charge to Magistrate Caden to make the determinations required by Section 3162(a)(1) as if no information had been filed subsequent to December 16, 1986, within the time limit required by Section 3161(b). In connection therewith in considering "the impact . . . on the administration of justice," the Magistrate may consider the representations made to him by defense counsel in the presence of his client.

By way of addendum, in this Court's Memorandum and Order dated June 18, 1987, we held that all the items seized in the premises in which defendant was residing which were not specified in the search warrant were properly seized "under the plain view doctrine." The fact is, however, that the burglars' tools covered by the belatedly filed information were, by the Government's own admission, not discovered by it until its preparation for the suppression hearing this past Spring when such tools were found "hidden in his [the defendant's] ticket book." Such items would not, therefore, properly fall within the scope of the Court's decision of June 18, 1987, and, while they may be usable (in the Trial Court's discretion) in the cross-examination of the defendant should he take the stand in his own defense, they would not appear to be usable in the Government's direct case although this determination will have to be made by the Trial Court at the appropriate time.

SO ORDERED.